# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00033-CV

**Michael Quinn Sullivan, Appellant**

**v.**

**Texas Ethics Commission, Appellee**

### FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-001878, THE HONORABLE CATHERINE MAUZY, JUDGE PRESIDING

## C O N C U R R I N G   O P I N I O N

Because I cannot agree with its analysis, I concur in the Court's judgment only.

Among my concerns is the Court's analysis of the trial court's assessment of a civil penalty of $10,000 under Section 571.173 of the Texas Government Code. To me, whether the assessment of the penalty amount is a question of law or fact appears to be a more difficult question than the Court's analysis conveys. *Cf. Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 307 n.30 (Tex. 2006) (noting that "the level of punitive damages is not really a 'fact' 'tried' by the jury" (quoting *Cooper Indus., Inc. v. Leatherman Tool Grp.*, 532 U.S. 424, 437 (2001)).

Nevertheless, the Court does not need to—and therefore should not—determine in this appeal whether the issue of the penalty amount is a question of fact that required submission to the jury or a question of law. As Sullivan notes in his appellant's brief:

> The [Commission] had no grounds to seek summary affirmation of its $10,000 civil penalty through a Motion for Summary Judgment. Sullivan objected to this request. The [Commission] offered neither evidence nor argument as to why its fine should be awarded deference. . . . Despite not being presented with any argument or evidence, the trial court summarily granted the [Commission]'s request for the imposition of the maximum penalty without submitting the matter to a jury.

(Internal record citations omitted.) The Commission's motion for summary judgment did not state the grounds for awarding the maximum amount of the discretionary penalty under Section 571.173 of the Texas Government Code. *See* Tex. R. Civ. P. 166a(c) ("The motion for summary judgment shall state the specific grounds therefor."); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 339 n.2 (Tex. 1993) ("Consistent with Rule 166a, we use the term 'grounds' to refer to the reasons entitling the movant to summary judgment."). Instead, the Commission's merely prayed:

> FOR THE FOREGOING REASONS, the Commission respectfully requests that this Court grant its motion for summary judgment, and enter final judgment in favor of the Commission providing that Defendant Sullivan violated [Tex. Gov't Code] § 305.003(a)(2) in each of calendar years 2010 and 2011 and that he is therefore liable for the civil penalty provided for by statute.

The Commission's motion addressed only the grounds for "liab[ility] for the civil penalty," not the grounds for determining the amount of the civil penalty.[1] In his response to the Commission's motion, Sullivan objected as follows:

---

[1] As noted by the Court, the Legislature also provided that the Commission "shall consider" five factors in assessing a sanction: (1) "the seriousness of the violation, including the nature, circumstances, consequences, extent, and gravity of the violation"; (2) "the history and extent of previous violations"; (3) "the demonstrated good faith of the violator, including actions taken to rectify the consequences of the violation"; (4) "the penalty necessary to deter future violations"; and (5) "any other matters that justice may require." *Ante* at ___ (citing Tex. Gov't Code § 571.177). The Commission's motion does not reference or cite these factors.

2

> Sullivan also objects that the [Commission] may not seek affirmation of its $10,000 civil penalty through a Motion for Summary Judgment. . . . The [Commission] has offered no evidence or argument why its fine should be awarded deference, or why, in the face of a request by both parties for a trial by jury, that the Court should render a judgment imposing the maximum penalty sought by the [Commission].

The Commission's reply in support of its motion did not respond to this objection or address any grounds for why the maximum $10,000 civil penalty should be affirmed.

Thus, the Commission's motion is insufficient as a matter of law to establish the penalty amount that should be awarded, and the trial court erred by granting summary judgment awarding $10,000 as the penalty amount. *See* Tex. R. Civ. P. 166a(c); *McConnell*, 858 S.W.2d at 342 ("[I]f the grounds for summary judgment are not expressly presented in the motion for summary judgment itself, the motion is legally insufficient as a matter of law."). Rather than reversing the penalty award because the penalty amount is allegedly a question of fact that was required to be submitted to the jury, as the Court concludes, I would reverse the penalty award because the Commission's motion for summary judgment does not state the specific ground for determining the amount of the penalty award.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Smith

Filed: August 31, 2022

3